UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JANET MONTENEGRO,

                Plaintiff,

              -against-

THE CITY OF NEW YORK, Police Officer HALEEM LIVINGSTON, individually and in his/her official capacities; PARKCHESTER DEPARTMENT OF PUBLIC SAFETY, L.L.C., d/b/a PARKCHESTER DBS, L.L.C.; NYPD and/or PDPS/NYPD Police Officers JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.

------------------------------------------------------------------X

**VERIFIED COMPLAINT**

**Jury Trial Demanded**

**Index No.**

**BASIS FOR VENUE:**

**CPLR § 504(3)**

PLAINTIFF JANET MONTENEGRO, by her attorneys, LAW OFFICE OF KATHERINE E. SMITH and ANNA BEREZOVSKY, Esq., complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C.§ 1983 and 42 U.S.C. § 1988 for violations of her civil rights secured by the said statutes and the Constitutions of the State of New York and of the United States.

1

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. § 1331, 1343 and 1367.

**PARTIES**

3. PLAINTIFF JANET MONTENEGRO, has been at all relevant times a resident of the County of Bronx, City and State of New York.

4. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and maintains the New York City Police Department, a duly authorized Public Authority and Police Department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation THE CITY OF NEW YORK.

5. Parkchester is a residential community situated on approximately one hundred and twenty one (121) acres in the County of Bronx, City and State of New York.

6. At all relevant times herein, Defendant PARKCHESTER DEPARTMENT OF PUBLIC SAFETY L.L.C., d/b/a PARKCHESTER DBS, L.L.C., (hereinafter "PARKCHESTER DBS, LLC" and "PDPS") was and is a limited liability company, organized and existing under the laws of the State of New York, with a principal place of business located at 2000 East Tremont Avenue, Bronx, New York 10462, and that is registered with the New York State Department of State to receive service c/o World Haldenstein Adler Freeman & Herz LLP at 270 Madison Avenue, New York, New York 10016.

7. At all times mentioned herein, Defendant PARKCHESTER DPS LLC, maintained, supervised and controlled a force of officers authorized by the CITY OF NEW YORK to operate as a Special Patrol force and authorized by the State of New York to operate as Peace Officers.

8. The officers of Defendant PARKCHESTER DPS LLC, including P.O. HALEEM LIVINGSTON, and P.O.'s "JOHN DOE" # 1-10 sued herein individually and officially, at all times relevant to this action were authorized by THE CITY OF NEW YORK to operate as Special Patrol force and authorized by the State of New York to operate as New York State Peace Officers, and as such, were authorized to perform the functions of police officers as per the applicable sections of the New York State Criminal Procedure Law, and routinely policed and patrolled the Parkchester area and the public streets that run through the said area, and engaged in law enforcement activities and police activities in the said area, which included making arrests, and also worked in coordination with the New York City Police Department, particularly officers of the 43rd precinct in the County of the Bronx, and wore badges and drove patrol cars similar in appearance to the patrol cars driven by the New York City Police Department with flasher lights atop the patrol vehicle roofs and with an insignia of the doors of the patrol vehicles of the same shape and design of the insignia on the doors of the New York City Police Department patrol cars.

9. At all times mentioned herein, the individually named defendants: P.O. HALEEM LIVINGSTON and NYPD and/or PDPS P.O.'s "JOHN DOE" # 1-10, were duly sworn police officers of the New York City Police Department and/or PDPS and were acting under the supervision of the said department in in accordance with their official duties.

10. At all times mentioned herein, NYPD and PDPS, including P.O. HALEEM LIVINGSTON and OFFICERS JOHN DOE #1-10 were acting in concert with the officers of the New York City Police Department in a joint operation and were acting under the direction and supervision of, and within the scope of their employment with Defendant PARKCHESTER DPS, LLC.

11. At all times mentioned herein, Defendant the PARKCHESTER DPS, LLC directed its officers including P.O. HALEEM LIVINGSTON and OFFICERS JOHN DOE #1-10 to follow strict policy of policing the public streets in the Parkchester area to maintain an appearance of calm and safety on the public streets that run through the Parkchester area by detaining and arresting people that fit a profile of persons deemed to be undesirable, without regard to actual evidence of criminal activities and with a deliberate indifference to the constitutional rights of such persons including the Plaintiff herein.

12. At all times mentioned herein, all of the defendants were acting either personally, individually or through their employees under color of state law and in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope, and in furtherance of their employment with Defendant PARKCHESTER DPS LLC.

14. The street of East Tremont Avenue is a public street located in the Parkchester area in the County of Bronx, City and State of New York.

## STATEMENT OF FACTS

15. On or about October 19, 2016, at or around 1:52 a.m. Plaintiff JANET MONTENEGRO, and her boyfriend were lawfully parked in a vehicle, within the vicinity of 2130 E. Tremont Ave, Bronx, New York in the Parkchester area.

16. Several unidentified officers from PDPS and/or NYPD, including Defendants P.O. HAKEEM LIVINGSTON and P.O.'s "JOHN DOE" # 1-10, approached a lawfully parked vehicle where both Plaintiff JANET MONTENEGRO and her boyfriend were sitting.

17. Defendants LIVINGSTON and the DOE Officers ordered the plaintiff and her boyfriend to get out of the vehicle, despite the fact that they had no reasonable suspicion or other lawful basis to do so.

18. Notwithstanding the fact that defendants had no probable cause to believe that the plaintiff had committed any crimes or offenses, defendants placed plaintiff into handcuffs and under arrest.

19. Defendant officers falsely claimed to have witnessed the plaintiff undressed in the backseat, engaging in sexual activity with her boyfriend.

20. However, plaintiff had not engaged in any sexual activity.

21. In fact, both the plaintiff and her boyfriend were in the front seat, fully clothed.

22. The Defendant Officers, including defendant LIVINGSTON, could not have reasonably believed that Plaintiff and her boyfriend were violating and laws or ordinances.

23. Plaintiff and her boyfriend were subsequently transported to the NYPD police precinct were there arrest was processed.

24. At the precinct, the Defendants LIVINGSTON and P.O.'s "JOHN DOE" # 1-10 officers falsely informed employees of the Bronx County District Attorney's Office ("DA's Office") that they had observed the plaintiff in the back seat of the vehicle, undressed, performing sexual acts in public view.

25. Neither Defendant LIVINGSTON nor the P.O.'s "JOHN DOE" # 1-10 observed the plaintiff violating any laws or ordinances.

26. The allegations made by Defendants LIVINGSTON and P.O.'s "JOHN DOE" # 1-10 to the DA's Office were false, and the defendants knew them to be false at the time the defendants made the allegations.

27. The defendants then forwarded these false allegations to the DA's Office in order to justify the unlawful arrest of the plaintiff and to persuade the DA's Office to commence and/or continue the criminal prosecution against her.

28. The defendants knew and understood that the DA's Office was relying on the truthfulness of their claims and statements in order to evaluate whether to commence a criminal prosecution against the plaintiff.

29. The defendants were aware that the DA's Office assumed that all of the factual statements, claims and allegations that defendants relayed to the DA's Office were truthful in all material respects.

30. From the precinct, the plaintiff was transported to Central Booking. She was then arraigned and released from custody thereafter.

31. On April 18, 2017, PLAINTIFF's criminal case was subsequently dismissed.

32. Plaintiff was released after spending an extended period of time in custody.

33. As a result of the foregoing, Plaintiff sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and reputational damage.

### FIRST CLAIM FOR RELIEF
### UNDER FEDERAL LAW
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

34. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

35. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

36. All of the aforementioned acts deprived the plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as New York City police officers, and by the said individual peace officers of the PARKCHESTER DPS LLC with all the actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers of the New York City Police Department, pursuant to the customs, usages, practices, procedures, and the rules of the New York City Police Department, and as Peace Officers of the PARKCHESTER DPS LLC, all under the supervision of ranking officers of said departments.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40. The acts complained of were also carried out by the aforementioned defendants in their capacities as special patrol officers and New York State Peace Officers of the PARKCHESTER DPS LLC, all under the supervision of ranking officers of said departments and pursuant to the customs, usages, practices, and procedures of and as employees of the PARKCHESTER DPS LLC, and each individual defendant is individually liable to plaintiff for false arrest and false imprisonment.

41. As a result of the foregoing, Plaintiff sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and reputational damage.

## SECOND CLAIM FOR RELIEF
## UNDER FEDERAL LAW
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

42. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

43. Defendants created false evidence against the plaintiff.

44. Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney office.

45. Defendants misled the prosecutors by creating false evidence against the plaintiff and thereafter providing false testimony throughout the criminal proceedings.

46.     As a result of the foregoing, defendants violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

47.     As a result of the foregoing, Plaintiff sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and reputational damage.

### THIRD CLAIM FOR RELIEF
### UNDER FEDERAL LAW
### FAILURE TO INTERVENE

48.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in preceding paragraphs with the same force and effect as if fully set forth herein.

49.     Defendant police officers of the New York City Police Department as well as the officers of the PDPS had an affirmative duty to intervene to protect the constitution rights of the plaintiff herein from being violated by the other officers on their presence.

50.     The aforementioned officers had a reason to know that plaintiff's constitutional rights were being violated in their presence and has a realistic opportunity to intervene to prevent same from occurring, but failed to do so.

51.     As a result of the foregoing, Plaintiff sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and reputational damage.

## FOURTH CLAIM FOR RELIEF
## UNDER N.Y. STATE and FEDERAL LAW
## FALSE ARREST/IMPRISONMENT

52. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in preceding paragraphs with the same force and effect as if fully set forth herein.

53. Defendants P.O. HAKEEM LIVINGSTON and P.O.'s "JOHN DOE" # 1-10 arrested the plaintiff in the absence of probable cause and without a valid warrant in their capacities as special patrol officers and New York State peace officers, and under the supervision of ranking officers of said department and pursuant to the customs, usages, practices, procedures, of, and as employees of PARKCHESTER DPS LLC, and in furtherance of their business and within the scope of their employment.

54. As a result of the aforesaid conduct by defendants, plaintiff was subjected to an illegal, improper and false arrest by the defendants and caused to be falsely imprisoned, detained and confined. The aforesaid actions by the defendants constituted a deprivation of plaintiff's rights.

55. As a result of the foregoing false imprisonment, plaintiff's liberty was restricted for an extended period of time, plaintiff was put in fear for her safety, was humiliated and subjected to handcuffing and other physical restraints.

56. Plaintiff was conscious of said confinement and did not consent to same.

57. The confinement of the plaintiff was without probable cause and was not otherwise privileged.

58. As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM
### UNDER NEW YORK STATE AND FEDERAL LAW
### UNLAWFUL STOP, SEARCH, AND SEIZURE

59. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

60. As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally and improperly seized and searched without consent, a valid warrant, probable cause, privilege or consent, in violation of her constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

61. As a result of the foregoing, Plaintiff sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and reputational damage.

## SIXTH CLAIM FOR RELIEF
### MONELL LIABILITY
### UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. 1983

62. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in preceding paragraphs with the same force and effect as if fully set forth herein.

63. Defendants THE CITY OF NEW YORK, P.O. HAKEEM LIVINGSTON and P.O.'s "JOHN DOE" # 1-10 arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

64. The acts complained of were carried out by the aforesaid individual defendants in their capacities as police officers and peace officers and officials with all the actual and/or apparent authority attendant thereto.

65. The acts complained of were carried out by the aforementioned individual defendants in their capacity as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

66. The aforementioned customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;
   b. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;
   c. fabricating evidence in connection with their prosecution in order to cover up police misconduct;
   d. fabricating evidence in connection with search warrants in order to effectuate otherwise illegal searches and seizures;
   e. fabricating evidence in connection with search warrants in order to cover up police misconduct.

67. The foregoing customs, policies, usages, practices, procedures and rules of Defendant THE CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

68. The foregoing customs, policies, usages, practices, procedures and rules of Defendant THE CITY OF NEW YORK, the New York City Police Department, and the PARKCHESTER DPS Officers were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of Defendant THE CITY OF NEW YORK, the New York City Police Department, and the

PARKCHESTER DPS Officers were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

70. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

71. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

72. The acts complained of deprived the plaintiff of her rights:

   a. Not to be deprived of liberty without due process of law;
   b. To be free from seizure and arrest not based upon probable cause;
   c. Not to have summary punishment imposed upon her; and
   d. To receive equal protection under the law.

73. As a result of the foregoing, Plaintiff sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and reputational damage.

### SEVENTH CLAIM FOR RELIEF
### UNDER THE LAW OF THE STATE OF NEW YORK AGAINST
### PARKCHESTER DEPARTMENT OF PUBLIC SAFETY

74. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

75. The individually named defendants acted within the scope of their employment with Defendant PARKCHESTER DPS LLC and pursuant to its official policy when they

intentionally, wilfully, and maliciously seized and arrested plaintiff with reckless disregard for her rights.

76. At no time did the defendants had probable cause, legal justification, or any legal basis for seizing, searching, arresting, detaining, imprisoning, or prosecuting the plaintiff.

77. At no time did the defendants had a right to use excessive force against the plaintiff.

78. Defendant PARKCHESTER DPS LLC is vacariously for the acts and omissions of their agents, servants, and employees including the individually named defendant for falsely arresting, and falsely imprisoning the plaintiff.

79. As a result of the foregoing, Plaintiff sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and reputational damage.

WHEREFORE, Plaintiff JANET MONTENEGRO demands compensatory and punitive in punitive damages, in addition to attorney's fees and the costs and disbursements of this action, and whatever relief the court deems just and proper.

Dated: New York, New York
December 18, 2018

_____/s/_____
Katherine E. Smith
Anna Berezovski
233 Broadway, Ste. 1800
New York, New York 10279
Tel/ Fax: 347-470-3707
ksmith@legalsmithny.com
*Attorney for Plaintiff*